Jones, J.
The general principle by which the sufficiency of a pleading in actions for divorce pro causa adultery is to be tested is, that the charge should be stated with such definiteness and certainty as will be sufficient to enable the defendant to know what he will be called upon to meet by proof at the trial. In all the decisions respecting the sufficiency of a pleading, in this class of actions, it will be seen that this is the test applied. Since, when the name of the person with whom, the place where, and time when the adultery was committed, are set forth in the pleading, the defendant has the fullest information that can be given him, it has been adopted as a general rule that these particulars should be set forth in the pleading. This rule, however, though general, is not universal. It is subject to modification to any extent required by the exigencies of the particular action; provided, however, that the above principle is not infringed. To show the extent to which the modification may go, take the case where the husband, long subsequent to the marriage, communicates a venereal disease to the wife, or the case where *304 the husband, having been absent two years, returns and finds the wife pregnant. In each of these cases proof of these particular facts would be sufficient to ground a decree of divorce upon, yet the injured party may be wholly unable to ascertain, and of course unable to state in the pleading, the person with whom, time when, or place where the adultery was committed, except so far as the time and place may be alleged in the most general terms. But the inj ured party, by reason of this inability to comply with the above general rule, is not to be remediless. A mere general allegation in such cases, that the defendant has committed adultery with persons unknown, at times and places unknown, would be an infringement of the principle by which, as above stated, the sufficiency of a pleading is to be tested. This infringement is avoided by the pleader, in addition to stating the adultery in general terms, also referring to the peculiar nature of the proof by which the allegation is to be supported. Thus, the defendant is notified of the nature of the charge sufficiently to enable him to show what he will be called upon to meet by proof at the trial, and the principle is satisfied. (Bishop on Marriage and Divorce, vol. 2, § 610. Johnson v. Johnson, 14 Wend. 637. Clark v. Clark, ante p. 284. Since the general rule is subject to this extended modification, indeed almost total departure, it may be modified to such lesser extent as the nature of the particular case requires. It, however, should never be modified unless such exigency exists, and not then without satisfying the above principle relative to the sufficiency of pleadings, by the insertion in the pleading of such allegations as shall sufficiently notify the defendant of the nature of the charge against him, and so enable him to meet it by proof at the trial.
In the case at bar, if the amendment asked for is granted, the complaint will read thus: £< That in the months of ¡November and December, 1866, the said defendant com *305 mitted several acts of adultery with one S. B.; that said acts of adultery were committed in the sleeping room of the plaintiff at his residence in Broome street aforesaid, and at a house of ill fame in Spring street, and at divers other times and places in the said city.” The allegation “at divers other times and places in said city,” is wholly insufficient to enable the defendant to prepare to meet it at the trial. With respect to the allegation of adulteries in Spring street, I see no reason why the general rule should not be complied with, and the number of the house, or at least the block in which it is situate, be given. The adultery is alleged to have been committed there as recently as November and December last. If the plaintiff has discovered, and is prepared with proof to establish this adultery it would be singular if he has not discovered the locality with more particularity. It seems incredible that any witness who could prove the defendant’s visits at this house, could not also, after this short interval, prove the particular location of the house.
I think this motion should be denied, with ten dollars costs, but without prejudice to the plaintiff's renewing the motion as to the Spring street allegation, upon payment of the said ten dollars costs, and upon particularly specifying the location of the house, or, if unable to do so, on referring to the particular nature of the proof by which the allegation is to be supported.
Another part of the motion is to correct the copy of the complaint served, so as to make it accord with the original in the allegation as to the marriage between the plaintiff and the defendant. This part of the motion is not opposed. An order may be made directing that .the copy of the complaint be made to conform to the original by substituting therein the words “ on the — day of January,. 1866,” for the time now alleged therein as being the date of the marriage.
Ordered accordingly,